# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-00276-FDW

| | |
|---|---|
| BRICE C. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| HUBERT CORPENING, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Return All of Plaintiff Property That Marion Correction Let Plaintiff Have the Entire Time That Plaintiff Has Been on E-Unit Restrictive Housing Since May 3-2018 Injunction Order" [Doc. 1], which the Court construes as a motion for temporary restraining order or preliminary injunction.

Pro se Plaintiff Brice C. Moore ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Marion Correctional Institution (MCI) in Marion, North Carolina. Plaintiff filed numerous actions in this Court pursuant to 42 U.S.C. § 1983, alleging various constitutional violations at MCI and at Plaintiff's previous place(s) of incarceration. Most recently, Plaintiff's Complaint in 1:19-cv-00091-FDW survived initial review and Plaintiff's Complaints in 1:19-cv-00005-FDW and 1:19-cv-00201-FDW were dismissed as duplicative of 1:19-cv-00091-FDW. Plaintiff has appealed those dismissals to the Fourth Circuit Court of Appeals. The appeal from the dismissal of 1:19-cv-5 was dismissed for failure to prosecute. The appeal from 1:19-cv-201 remains pending.

In Case No. 1:19-cv-00091, Plaintiff filed several documents in which he makes direct and

substantial threats against the lives of other inmates and certain MCI officers, as well as officers there generally. The Court has twice now referred the Plaintiff's threats to the proper authorities and was told in both instances that the threats would be investigated. This most recently occurred on or around August 22, 2019 in accordance with the Court's Order entered that day. [Case No. 1:19-cv-00091, Doc. 43].

In the motion before the Court, the Plaintiff seeks the return of certain personal property that he contends was wrongly taken from him at MCI on September 16, 2019. These items include Plaintiff's hygiene items, law books, and religious materials. [Doc. 1 at ¶¶ 3-4]. The Plaintiff asserts that he is being "punished beyond measure" for "warning the system for over 4 years now" that he "is going to kill the first [he] encounters." [Id. at ¶ 6]. The Plaintiff contends that his personal belongings were taken because of the lawsuits he has filed. [Id. at ¶ 9]. The Plaintiff, however, has not filed an underlying complaint asserting a claim or claims related to these missing items that may form the basis of the relief he seeks here.

In any event, even if Plaintiff had filed a complaint, the Court would deny Plaintiff's motion. A preliminary injunction is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the

absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).

Reviewing Plaintiff's motion based on the above factors, Plaintiff is not entitled to a temporary restraining order or a preliminary injunction. To the extent Plaintiff seeks return of personal property, a claim based on the deprivation of his personal property is not actionable under § 1983 unless there is no adequate post-deprivation remedy available. See Parratt v. Taylor, 451 U.S. 527, 542 (1981), overruled on other grounds by 474 U.S. 327 (1986); Harris v. McMullen, 609 Fed. Appx. 704, 705 (3d Cir. 2015) (unpublished). Because North Carolina provides an adequate remedy by filing a common law claim for conversion of property, Plaintiff has failed to demonstrate the likelihood of success on the merits and, therefore, injunctive relief is not appropriate.

As to Plaintiff's legal materials, prisoners must be allowed "adequate, effective and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). "Many courts have found a cause of action for violation of the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials." Zilich v. Lucht, 981 F.2d 694, 695 (3d Cir. 1992) (citations omitted). However, for a denial of the right of access to the courts, Plaintiff must show that he was actually injured by such interference. Lewis v. Casey, 518 U.S. 343, 349 (1996). Plaintiff has made no such showing. Plaintiff, therefore, has failed to demonstrate the likelihood of success on the merits, particularly where he has not filed a related action in the first place, and, therefore, injunctive relief is not appropriate.

The Court also notes that it previously ordered that Plaintiff shall not file any further documents in Case No. 1:19-cv-00091 without first seeking leave of Court to do so. [Civil Case

3

No. 1:19-cv-00091, Doc. 36; id. see Doc. 43]. As such, to the extent Plaintiff sought to file this motion in Case No. 1:19-cv-00091, he did so in direct violation of a Court Order and the Court declines to further address Plaintiff's motion in relation to that case.

Additionally, the Court instructs the Plaintiff that any requests for extensions of time to meet deadlines in matters not pending in this Court must be directed to the courts in which such proceedings lie.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Return All of Plaintiff's Property [Doc. 1] is **DENIED**.
2. The Clerk is directed to terminate this action.

Signed: September 30, 2019

Frank D. Whitney
Chief United States District Judge